# NO. 12-23-00111-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAYME EVERETT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Rayme Everett appeals following the revocation of his deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

<u>BACKGROUND</u>

Appellant was charged by indictment with burglary of a habitation and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for five years, a period which the trial court later extended by an additional five years.

Subsequently, the State filed a motion to revoke Appellant's community supervision and to adjudicate guilt, alleging that Appellant violated certain terms and conditions thereof. Specifically, the State contended that Appellant violated the terms of his community supervision, in pertinent part, because he (1) failed to abide by the law and committed the criminal offense of online solicitation of a minor - sexual conduct, (2) failed to report as directed by his community supervision officer in September 2021, (3) failed to report and submit to random urinalysis at the

request of his community supervision officer on five separate occasions between February 2020 and April 2022, and (4) failed to pay sixty dollars per month as a supervision fee to the Smith County Community Supervision and Corrections Department for the months of April and September 2022.

A hearing was conducted on the State's motion, at which Appellant pleaded "true" to all the allegations in the State's motion other than the allegation that he committed a crime. In support of its motion, the State elicited testimony from, among others, Lee McMillian, who worked for the Collin County Sheriff's Office's Child Exploitation Unit. McMillian testified that in October 2022, he was working in conjunction with a multi-agency operation in Smith County, Texas, where he, acting undercover, portrayed himself online as a fourteen-year-old girl named "Peyton." Lee stated that he exchanged multiple photos of Peyton with an individual whose phone number was associated with Appellant. Lee also stated that he exchanged texts with Appellant under this online persona. He further outlined the process by which law enforcement was able to link the phone number used to Appellant. He later testified that he (as Peyton) received a message from the phone number associated with Appellant stating, "I'm DTF if you are." Lee explained that the acronym "DTF" means "down to [f*ck]" and is an invitation to a "casual sexual encounter." Lee (as Peyton) responded that she indeed was "down to [f*ck] if you're cool. I'm almost 15." Lee stated that in response, he received a request for another picture of Peyton "with less clothes on." The record reflects that on the heels of that message, Lee (as Peyton) received another text from Appellant, in which he stated, "And I'm down[,]" followed by another text, in which Appellant asked Peyton if she swallowed and if she "does anal as well." Later, Appellant sent a text in which he stated that he would "bring lube and be really nice when I slide inside your booty." Eventually, after Lee received a request to meet in person, he sent a message with the address for Rose Rudman Park in Tyler. Lee testified that Appellant did not show up at the rendezvous point.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervision, adjudicated him "guilty" of burglary of a habitation, and sentenced him to imprisonment for twelve years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***.  Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  She further relates that she is well-acquainted with the facts in this case.  In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]  We likewise reviewed the record for reversible error and found none.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he either must retain an attorney to file a petition for discretionary review on his behalf, or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  *See* ***Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief.  The time for filing such a brief has expired and no pro se brief has been filed.

comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2023**

**NO. 12-23-00111-CR**

**RAYME EVERETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0241-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*